IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHERLON EVANS,**

                **Petitioner,**

     v.                       **CASE NO. 05-3304-RDR**

**E.J. GALLEGOS,**

                **Respondent.**

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

Petitioner seeks relief for alleged constitutional error in his conviction in the United States District Court for the Southern District of Florida on 1993 criminal charges. Petitioner states he pursued relief, without success, through a motion filed under 28 U.S.C. 2255 in that court. He now claims insufficient evidence supported his conviction under 18 U.S.C. 924(c), following the Supreme Court's decision in Castillo v. U.S., 530 U.S. 120 (2000).

Having reviewed petitioner's allegations of error in his criminal proceeding, the court finds relief on these claims must be pursued to the extent any relief is available through a motion filed under 28 U.S.C. 2255 in the Southern District of Florida. See Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(2255 petition attacks the legality of a federal prisoner's detention,

and must be filed in the judicial district that imposed the sentence); McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997)(2241 petitions are used to attack execution of sentence, in contrast to 2254 and 2255 proceedings which are used to collaterally attack the validity of a conviction and sentence). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). For federal inmates, the 28 U.S.C. 2255 remedy "supplants habeas corpus, unless it is show to be inadequate or ineffective to test the legality of the prisoner's detention." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).

In the instant case, the fact that petitioner was previously denied relief on claims asserted in a 2255 motion, or that he now faces restrictions on filing a successive 2255 motion, does not render 28 U.S.C. 2255 statutorily inadequate. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). Although petitioner cites a split of authority in the circuit courts regarding the retroactive application of Castillo, and cites a Tenth Circuit case[1] as authority for the retroactive application of Castillo in this circuit, this falls far short of establishing the inadequacy or ineffectiveness of the remedy afforded petitioner under 28 U.S.C. 2255.

The court thus finds the petition is subject to being dismissed because this court lacks jurisdiction under 28 U.S.C.

---

[1] U.S. v. Wiseman, 297 F.3d 975 (10th Cir. 2002)(appeal from the denial of 2255 motion is reversed and remanded; retroactive application of Castillo discussed).

2

2241 to consider petitioner's claims absent a showing by petitioner that the remedy afforded under 28 U.S.C. 2255 is inadequate and ineffective.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus filed in this matter should not be dismissed.

DATED: This 20th day of July 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge