IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHERLON EVANS,

                              Petitioner,

               v.                              CASE NO.  05-3304-RDR

E.J. GALLEGOS,

                              Respondent.


**O R D E R**

    This matter is before the court on a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by a prisoner while incarcerated in the United States Penitentiary in Leavenworth, Kansas.[1]

    Petitioner was convicted in the United States District Court for the Southern District of Florida on 1993 criminal charges that included a violation of 18 U.S.C. § 924(c).  Petitioner contends his conviction on that charge, and the resulting enhancement of his sentence, should be set aside pursuant to Castillo v. United States, 530 U.S. 120 (2000), a case decided after the conclusion of petitioner's unsuccessful motion under 28 U.S.C. § 2255 and appeal. In Castillo, the Court determined that convictions for offenses in 18 U.S.C. § 924(c)(1) required the government to charge the use of the specific firearm in the indictment, present evidence to the jury, and prove the commission of the particular crime beyond a reasonable doubt.

---

      [1]Petitioner has notified the court of his subsequent transfer to a federal facility in Coleman, Florida.

By an order dated July 20, 2005, the court found relief on petitioner's claims must be pursued through a motion filed under 28 U.S.C. § 2255 in the Southern District of Florida, and directed petitioner to show cause why this action should not be dismissed because this court lacked jurisdiction under 28 U.S.C. § 2241 to consider petitioner's claims.  *See* <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963)(habeas corpus petition under 28 U.S.C. § 2241 is not intended as additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. § 2255; § 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention"), *cert. denied*, 377 U.S. 980 (1964).

In response, petitioner contends the remedy under § 2255 is unequipped to address his legal claim of actual innocence, and he thus should be allowed to proceed under § 2241 because the Tenth Circuit has concluded <u>Castillo</u> may be applied retroactively.[2]  The court rejects this contention.

A motion under § 2255 in the Southern District of Florida is petitioner's exclusive remedy to challenge the validity of his conviction and sentence unless there is a showing that the remedy under § 2255 is inadequate or ineffective. *See* <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000).  Courts have found the remedy under § 2255 to be inadequate or ineffective only in "extremely limited circumstances." <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178 (10th Cir. 1999).  The fact that a petitioner is precluded from

---

[2]*See* <u>United States v. Wiseman</u>, 297 F.3d 975, 981 (10th Cir. 2002)(finding retroactive application of <u>Castillo</u> on collateral review is available under the principles announced in <u>Teague v. Lane</u>, 489 U.S. 288 (1989)).

2

filing another § 2255 motion fails to establish that the remedy is inadequate. *See* id. at 1179. Although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act (AEDPA), they are not prohibited. *See* 28 U.S.C. §§ 2244(b)(2), 2255; Felker v. Turpin, 518 U.S. 651, 664 (1996). Petitioner cannot use 28 U.S.C. § 2241 to circumvent section 2255 and restrictions imposed by AEDPA on the filing of a second or successive petition under 28 U.S.C. § 2255.

Accordingly, because petitioner has not established the inadequacy or ineffectiveness of a § 2255 motion, this court lacks subject matter jurisdiction to consider petitioner's claim under 28 U.S.C. § 2241. The court thus concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for relief under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

DATED:  This 16th day of June 2006, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3